Pee, Curiam.
 

 Murray recovered judgment against Ruble before a justice of the peace for Washington Court, for the sum df $20. Ruble appealed to the County. Court, and on the trial there had a verdict in his favor. Murray appealed to the Circuit Court, gave bonds and security, &c. In the transcript of the record sent up to the Circuit Court, there is the following memorandum : “ At the time of taking the above appeal, $20 was tendered and deposited in the clerk’s office by Jacob Hartsell, for William Murray’s use, for the payment of the gun in dispute, * which was refused by said Murray.” On the trial in the Circuit Court, after the evidence on both sides was gone through, the court in their charge to the jury, told them that there was enough on the record to authorize them to find for the plaintiff; that the money paid by Abraham Hartsell, as stated in the record, must be considered as having been done by the privity, and with the consent of the defendant, and was an acknowledgment of so much due. To which opinion of the court, the defendant, by his counsel, excepts, and tendered his bill of exceptions, which the judge signed and sealed.
 

 The jury found for the plaintiff, Murray, $23.
 

 A new trial was moved for, and refused, and a writ of error was taken to remove the cause into this court.
 

 Payment of money into court came into use to relieve the defendant from the difficulty of pleading a tender where he had made one, or where he had not had an opportunity of making one, or had neglected to make one. It was originally allowed, if applied for before plea pleaded, but since that time is allowable in cases
 
 *285
 
 where the defendant, upon application to the court, is permitted to withdraw his plea; it is made by virtue of a rule of court, generally annexing the condition of paying costs, and further directing that sum to be stricken out of the declaration, if refused by the plaintiff; and for that sum that no evidence shall be received on the trial. This reduced the controversy to the quantum of damages to be allowed by the jury; and the consequence was, that if the plaintiff on trial did not prove a greater sum due than that paid in, a verdict passed for the defendant, who had judgment for subsequent costs. If the plaintiff proved that more was due, he had a verdict and judgment for the balance and subsequent costs. 1 Ba. Ab. 473; C. T. Hard. 260. If costs be first paid, together with the * money paid into court, the plaintiff may proceed, and if he recover a less [greater ? See Tidd’s Pr. 627, 4th Am. ed.] sum, he shall have costs to the time of the judgment, but will be ordered to deduct from the judgment for the principal and costs, the sum paid into court. The defendant cannot take back the money paid into court. 2 Strange, 1220; Salk. 597; Barnes, 281, 284. The payment of money into court is to be proved by production of the rule.
 

 Here the money was paid into court without the time and without a rule, and indeed would not have been allowed of by the court, had it been applied for. It was paid after plea pleaded ; indeed after verdict. Can the defendant be allowed a greater advantage for his irregularity, than he could obtain by a regular application to the court? We suppose otherwise ; and how he is to prove it ? There is no rule to produce. There is only a memorandum, made by the clerk ; no terms are annexed ; no costs paid ; no order to strike out of the declaration. What is to hinder the person who paid in this money from taking it back ? For breach of a rule he might be proceeded against by attachment; here he is not subject to any attachment, no rule having been made that can be broken. It is paid in by a third person, no party to the action, and therefore still less under the control of the court than a party. When the defendant is not allowed, as in case of a rule to strike out of the declaration, nor any one advantage resulting from a rule, had it been made, can he be subject to the disadvantages thereof, and to have it urged against him that he has admitted the sum paid in to be due ? Can he insist that the plaintiff shall proceed at
 
 *286
 
 the peril of costs, when there is nothing upon the record that orders it ? As this procedure leaves the plaintiff wholly unembarrassed, and is to him a mere nullity, furnishing no restraints upon him, nor evidence against him at the * trial, would it not be unreasonable to draw from it evidence against the defendant of admissions, to the amount of the sum paid in ? Would it not be hard to implicate the real defendant in the cause into an abandonment of his defense, leaving at liberty the person who paid in the money to withdraw it after the mischief was effected; leaving the real defendant exposed to the judgment and execution which had been founded upon the supposed admission of the defendant deducible from such payment ? The record says Hartsell paid it for the use of Murray, who refused it. There is no rule on the record to estop him, none that impounds the money for the satisfaction of the demand in that action, or any part of it in any degree. The court cannot, if applied to, say this sum shall be deducted from the judgment. The court could only say, the offer being rejected, is as if it had never been made. As there is no rule of court to be used as evidence, fixing the defendant with an admission, the charge to the jury so to consider it was incorrect.
 

 See
 
 Keys
 
 v.
 
 Roder,
 
 1 Head, 19; King’s Digest, 5817, 11,568.